

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. TOBINICK, M.D., an individual; EDWARD LEWIS TOBINICK, M.D., a medical corporation, doing business as Institute of Laser Medicine,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EPIONE COSMETIC LASER CENTERS, INC., a medical corporation and SIMAK OURIAN, M.D., an individual,<br><br>　　　　Defendants. | CASE NO. CV 98-9479-RAP(AJWx)<br><br>ORDER ON PLAINTIFFS' MOTION FOR STIPULATED DAMAGES AND EXPENSES; ORDER AMENDING FINAL INJUNCTION AND AWARDING ATTORNEY'S FEES AND JUDGMENT ON ATTORNEY'S FEES |



On April 17, 2000, the Court heard oral argument on plaintiffs' Post-Judgment Motion For Stipulated Damages And Expenses For Defendants' Violation Of Final Injunction ("Post-Judgment Motion"). John S. Caragozian appeared for Plaintiffs; M. Cris Armenta appeared for defendant Simak (or Simon) Ourian, M.D.; and Paul F. Rafferty appeared for defendant Epione Cosmetic Laser Centers, Inc.

After reading and considering the documents filed and lodged with



the Court and after hearing and considering the arguments of counsel, for the reasons stated on the record plaintiffs' motion is GRANTED in part and DENIED in part as follows:

    1. Defendants Epione Cosmetic Laser Centers, Inc. and Simak (or Simon) Ourian, M.D. (jointly and severally, "Defendants") violated the Final Injunction On Consent ("Final Injunction"), entered on May 20, 1999 by using the phrases "board certified plastic surgeons and dermatologists on staff" and supported by a "staff of board certified physicians" in its internet and magazine advertisements following entry of the final injunction. However, because the plaintiffs suffered no injury, the Court declines to award plaintiffs any liquidated damages.

    2. Pursuant to paragraph 7 of the Final Injunction, the Final Injunction is deemed amended as follows. The prohibitions set forth in paragraph 2(a) of the Final Injunction shall be deemed to specifically include any advertising of "supported by a staff of board certified physicians" or of "board certified plastic surgeons and dermatologists on staff."

    3. Dr. Ourian and his staff did not solicit business when they answered the telephone inquiries of Dr. Tobinick and his agents. Under these circumstances, defendants did not engage in the type of "advertising" prohibited by the terms of the Final Injunction.

    4. Pursuant to paragraph 6 of the Final Injunction, defendants shall pay to plaintiffs Edward L. Tobinick, M.D., and Edward Lewis Tobinick, M.D., a medical corporation, doing business as Institute of Laser Medicine, the sum of $48,148.31 in reasonable attorney's fees with interest as allowed by law. In awarding attorney's fees, the Court has carefully reviewed the supplemental declarations of

plaintiffs' counsel and finds that the hourly fee sought by plaintiffs' counsel - $275 - is reasonable and the number of hours expended by plaintiffs' counsel in connection with all aspects of this motion were necessary and reasonable. Moreover, the Court declines to reduce the fee award because plaintiffs did not prevail on all issues. The Court finds that all of the issues were inextricably intertwined and, therefore, it is not possible to identify the precise hours that were devoted to issues on which plaintiffs did not prevail.

    5. This order amending the Final Injunction and awarding attorney's fees shall constitute a judgment under Federal Rule of Civil Procedure 54 and shall be treated and enforceable as such.

    6. The Court's oral ruling on April 17, 2000 as supplemented by the findings in this order shall constitute the Court's findings of fact and conclusions of law.

    IT IS SO ORDERED.

DATED: September 13, 2000.

**RICHARD A. PAEZ**

_____
Richard A. Paez
United States Circuit Judge
Sitting by Designation